**IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE**

FILED
2013 JAN 11 AM 10: 44
RICHARD R. ROOKER, CLERK

| | |
|---|---|
| JUDITH W. FILLER, <br><br> Plaintiff, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> Defendant. | CASE NO. 13C176 <br><br> **JURY DEMANDED** |

## COMPLAINT

COMES NOW, the Plaintiff, Judith Filler, by and through Counsel, and for cause of action against the Defendant, State Farm Mutual Automobile Insurance Company, would show unto the Court as follows:

1. The Plaintiff is a citizen and resident of Sumner County, Nashville, TN residing at 301 Indian Lake Road, Hendersonville, TN 37075.

2. The Defendant, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), was Plaintiff's automobile insurance carrier for which the below policy also had Uninsured/Underinsured Coverage at the time of the automobile accident she was involved in on November 19, 2008. Plaintiff's Policy Number was 3042-778-42Q. The Defendant may be served with process through the Commissioner of Insurance.

3. Plaintiff purchased her insurance policy with Defendant in Davidson County, Tennessee, such that Davidson County, Tennessee, is the place of contracting and thus this court has jurisdiction to hear this case.

4. Plaintiff had her automobile insurance coverage with Defendant for over thirty (30) years preceding the accident which is the subject of this case.

5. The Plaintiff, while insured by Defendant, was involved in an automobile accident on November 19, 2008 wherein Plaintiff was traveling southbound in her 1999 GMC Suburban on Morrow Road in Nashville, Tennessee, Davidson County. Linda Grant, operating her 2000 Chevrolet Pick-up Truck, negligently entered Morrow Road from a private driveway and collided with Plaintiff's vehicle, causing personal injuries to Plaintiff which necessitated multiple surgeries, including but not limited to, spinal fusion.

6. A Complaint was filed against Linda Grant in the Davidson County Circuit Court on November 16, 2009, and was assigned Case Number 09C4015.

7. As a result of the November 19, 2008 accident, Plaintiff injuries resulted in approximately $160,279.85 in medical expenses, not including damages for pain and suffering, and loss of enjoyment of life, and lost wages.

8. On September 1, 2011, Plaintiff made a settlement demand within the policy limits of Plaintiff's Uninsured/Underinsured Motorist Coverage to both the named Defendant, Linda Grant, and to the Defendant State Farm Mutual Automobile Insurance Company.

9. On September 14, 2011, Counsel for Linda Grant's liability carrier invoked *Tenn. Code Ann. §56-7-1206* and offered its liability limits of $100,000.00 and provided proof of its limits to Plaintiff.

10. On October 24, 2011, Counsel for the Defendant State Farm Mutual Automobile Insurance Company invoked subsection *(k)* of *Tenn. Code Ann. §56-7-1206* and declined binding arbitration and waiver of their subrogation rights in exchange for paying Plaintiff the $100,000.00 offered by the liability carrier.

11. On November 19, 2011, Counsel for Defendant State Farm tendered a check in the amount of $100,000.00 to Plaintiff.

12. The case was then set for a Case Management Conference on February 22, 2012. At this Conference, the Special Master ordered the parties to attend alternative dispute resolution by June 1, 2012 with a subsequent case management conference being set for June 15, 2012.

13. Counsel for Plaintiff, the next day, on February 23, 2012, contacted a Mediator and secured available mediation dates and forwarded the same to Counsel for the Defendant.

14. The Defendant rejected the mediator suggested by Plaintiff and provided the name of an alternative mediator.

15. The Defendant State Farm scheduled Plaintiff's Deposition, which was held on March 16, 2012.

16. On March 16, 2012, Plaintiff filed a *Notice of Filing Itemization of Medical Expenses* in the amount of $160,279.85 with the Circuit Court in Case Number 09C4015.

17. Mediation was set and confirmed for May 29, 2012.

18. By way of letter, on March 30, 2012, Counsel for Defendant State Farm notified Plaintiff that it wanted to move the mediation from May 29, 2012 to June 25, 2012 and that he had conferred with the Special Master and moved the case management conference from June 15, 2012 to July 20, 2012.

19. The Defendant took the Deposition of treating physicians, Dr. Kinney, on April 13, 2012 and the Deposition of Plaintiff's Surgeon, Dr. Greg Lanford, on June 7, 2012.

20. Dr. Lanford, Plaintiff's Spine Surgeon, testified that Plaintiff's injuries and resulting surgeries were causally related to her injuries sustained in the November 19, 2008 auto accident and that her above stated medical expenses were reasonable and necessary.

21. Plaintiff submitted her Mediation Statement to the mediator on June 18, 2012.

22. A second case management conference was held on June 22, 2012 at which time the mediation was formally rescheduled to July 30, 2012. A subsequent case management conference was set for August 24, 2012.

23. The week of the scheduled mediation, Counsel for Plaintiff contacted Counsel for Defendant State Farm to discuss the case in preparation for the mediation. Counsel for Defendant informed Plaintiff's Counsel that he would not have any settlement authority for the mediation. The Mediation was thereafter cancelled.

24. The Defendant State Farm then consulted Dr. Wagner, a Neurologist and Psychiatrist, for a medical records review of Plaintiff's records. His Deposition was taken on July 24, 2012.

25. A case management conference was then set on July 27, 2012 to address the fact the Defendant had announced that they would not make any offer whatsoever at the scheduled Mediation.

26. The Special Master designated the case as a general liability case and set a follow-up case management conference for August 24, 2012.

27. A final case management conference was held on September 11, 2012 and the case was set for trial.

28. Between Plaintiff's initial settlement demand on September 1, 2011 up through the final case management conference, on August 24, 2012, Defendant State Farm refused to

negotiate/settle or make any offer whatsoever regarding the Underinsured/Uninsured portion of the claim.

29. Plaintiff alleges that Defendant is guilty of bad faith in accordance with *Tenn. Code Ann.§56-7-105* in that their refusal to pay the loss was not in good faith making them subject to the 25% penalty indicated in *Tenn. Code Ann. §56-7-105*.

30. The Plaintiff alleges that there is no reasonable justification for denial of the claim.

31. The Defendant has an implied duty of good faith and fair dealing which fundamentally requires that an Insurer do nothing to injure an Insured's rights to receive benefits due under the policy.

32. The Defendant State Farm as an Insurer has a duty to act in good faith in the process and payment of valid claims of its Insured, including Plaintiff.

33. There is no reasonable justification for Defendant State Farm not making a valid offer of settlement under the policy and that such failure amounts to malfeasance.

34. Defendant failed to make a good faith offer to settle the case under its policy, and has in multiple ways breached its contract with Plaintiff.

35. The Defendant's actions have caused Plaintiff much mental and emotional anguish for which she should be compensated for in both compensatory and punitive damages.

36. The Defendant had an obligation under the law to act reasonably and in good faith in the settlement of this claim and failed to do so.

37. Defendant's conduct amounts to a conscious disregard for the Plaintiff's rights as an insured under the terms of the policy.

38. The Defendant, by its actions in this case, exposes to the consuming public a risk of increased insurance policies.

39. Due to the lack of reasonable justification to offer any money under the Uninsured/Underinsured Motorist Coverage and with Plaintiff having in excess of $160,000 in medical expenses, Defendants conduct amounts to actual malice, fraud, or insult for which both compensatory and punitive damages should be awarded.

40. Plaintiff alleges that Defendant is also guilty of violations of the Tennessee Consumer Protection Act found at *Tenn. Code Ann. §47-18-109* in that Defendant failed to make a prompt investigation of all the facts and tender an equitable settlement regarding the claim as soon as liability had become reasonably clear, as is evidenced by the fact the liability carrier for the named Defendant Linda Grant offered their full liability policy limits. Defendant is also guilty of necessitating unnecessary litigation.

41. As a direct and proximate result of Defendant's refusal to settle the Uninsured/Underinsured claim, Plaintiff has suffered additional litigation expenses and lost interest on the $100,000.00 tendered on behalf of the named Defendant, as that money has been held in Plaintiff's Counsel's Trust Fund for well over one (1) year.

42. Plaintiff reserves the right to file and amendment regarding the damages portion of this Complaint as they accumulate during the course of the proceedings of this action and Case Number 09C4015.

**WHEREFORE**, Plaintiff demands a jury return judgment against Defendant State Farm Mutual Automobile Insurance Company an award treble damages, attorney's fees, a twenty-five (25%) penalty in accordance with *Tenn. Code Ann. §47-18-109* and *Tenn. Code Ann. §56-7-105* respectively, as well as, an award for breach of contract. Further, Defendant's actions specified above justify an award for appropriate **Punitive Damages for which Plaintiff also requests a jury to award in addition to any and all other applicable damages.**

JUDITH FILLER,
Plaintiff

By: *Mike Walker*

**Mike Walker, BPR #011175**
**Erica Chitwood, BPR #028296**
5511 Edmondson Pike, Ste. 203
Nashville, TN 37211
615-832-2150 (telephone)
615-833-5394 (fax)

I hereby certify that this is a true copy of original instrument filed in my office this 11 day of Jan 2013
RICHARD R. ROOKER Clerk
By D. Filler
Deputy Clerk